[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR COURT ORDERED TESTING
 FACTS
This habeas corpus petitioner was convicted of murder by a three judge panel in 1996 and received a total effective sentence of 55 years.
At trial he was represented by the Office of the Public Defender. Despite the opinion of two psychiatrists that he was suffering from mental disease or defect, the panel found him guilty.
He now alleges his defense counsel failed to provide him effective assistance because he failed to raise the defense of extreme emotional disturbance and for failing to move to suppress the petitioner's confession.
This motion pertains to the first claim, that of extreme emotional disturbance. It seeks a court order directing the state to have the petitioner undergo an MRI scan of the brain, a SPECT scan, and various blood tests. The petitioner is presently being treated for brain disease and there is no suggestion that he requires additional treatment, that CT Page 670 his medical needs are unmet, or that his treatment is inappropriate.
Rather, the purpose of the motion is to permit the petitioner's expert to review the state of his present condition and then to use that data to make a determination as to whether in 1994, when this offense was committed, his condition was such as to lend itself to a defense of extreme emotional disturbance.
 DISCUSSION
The court heard from the petitioner's expert, Dr. James Merikangas, in support of the motion. His testimony does not include anything specific on which he bases his support for the motion. Instead, he suggests that if the petitioner is found to have a brain tumor or hypoglycemia, two examples he used, certain conditions might exist and he might be able to state that they existed in 1994.
This testimony was rebutted by the respondent's experts, first as to the SPEC test itself and then as to the need for any tests at this time.
Dr. Peter Zeman questioned the value and the state of scientific acceptance of the SPEC test. He also noted that his examination in 1995 failed to disclose any basis to suspect a tumor or hypoglycemia.
Dr. Enayat Kharramzden is presently the petitioner's treating physician. He described the petitioner's condition and feels he is doing well and that his mental condition is being addressed. He too questions the viability of the SPEC tests and described the physical examination, with a battery of tests, undergone by inmates entering the correction system. At no time has there been a reason for the state to suspect the petitioner is suffering from any condition, let alone those suggested as possibilities by Dr. Merikangas.
 CONCLUSION
The petitioner's motion is denied as speculative and lacking a sufficient basis. Even putting aside the disagreement over the SPEC process, the motion seeks testing to look for conditions which haven't been diagnosed and without a reasonable grounds to believe exist. This speculative process is made even more tenuous by the proposed application of the results — a "relating back" to 1994 and the rendering of an opinion now as to the petitioner's condition then, and its effect on him.
Anthony V. DeMayo, J.T.R.